IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTENT IQ, LLC, | |
| Plaintiff, | Case No. |
| v. | **JURY TRIAL DEMANDED** |
| TVSCIENTIFIC, INC., | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Intent IQ, LLC ("Intent IQ" or "Plaintiff") makes the following allegations against Defendant tvScientific, Inc. ("tvScientific" or "Defendant"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendant's unlawful infringement of the following United States patent, which generally relates to novel internet / network-based advertising systems and methods: United States Patent Nos. 8,677,398 (the "'398 patent"). Intent IQ owns the '398 patent and holds all enforcement rights.

2. Intent IQ, LLC is a Delaware limited liability company, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101.

3. Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. Intent IQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens.

1

Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

4.  On information and belief, tvScientific, Inc. is a Delaware corporation with a principal place of business at 1732 Aviation Blvd. #929, Redondo Beach, CA 90278; tvScientific may be served with process through its registered agent, Cogency Global Inc. at 850 New Burton Road, Suite 201, Dover, Delaware.

## JURISDICTION AND VENUE

5.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware, has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, using, offering to sell, and selling products and services that infringe the '398 patent.

7.  Venue is proper in this District because Defendant is incorporated under the laws of the State of Delaware.

## ACCUSED INSTRUMENTALITIES

8.  As used herein, "Accused Instrumentalities" includes without limitation tvScientific's advertising technology platform and related components including but not limited to

components such as Advanced Targeting, CTV Targeting Segments, Web-to-TV Retargeting, the tvScientific pixel, CTV Retargeting, IP Targeting, CTV measurement, and CTV attribution.

9. Defendant's Services Privacy Policy explains that "tvScientific provides technology that helps advertisers and their advertising agencies manage digital advertising campaigns across smart TVs and other streaming apps (the "Services"). https://www.tvscientific.com/services-policy. Defendant's Services Privacy Policy further explains that "[r]eferences to our Services in this policy only refer to tvScientific's own advertising technology platform and systems." *Id.*

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,677,398

10. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

11. U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014. A true and correct copy of the '398 patent is attached as Exhibit 1.

12. tvScientific makes, uses, offers for sale, and/or sells the Accused Instrumentalities (tvScientific's advertising technology platform and related components including but not limited to components such as Advanced Targeting, CTV Targeting Segments, Web-to-TV Retargeting, the tvScientific pixel, CTV Retargeting, IP Targeting, CTV measurement, and CTV attribution) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '398 patent.

13. tvScientific, through the Accused Instrumentalities, performs all claim limitations of one or more method claims of the '398 patent. A claim chart comparing independent method claim 13 of the '398 patent to tvScientific's infringing activity is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

14. By making, using, offering for sale and/or selling into the United States the Accused Instrumentalities, tvScientific has injured Plaintiff and is liable for infringement of the '398 patent pursuant to 35 U.S.C. § 271.

15. As a result of tvScientific's infringement of the '398 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for tvScientific's infringement, but in no event less than a reasonable royalty for the use made of the invention by tvScientific, together with interest and costs as fixed by the Court.

16. Plaintiff is entitled to past damages for tvScientific's infringement of the '398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '398 patent.

17. tvScientific's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '398 patent, and, specifically, enjoining further manufacture, use, sale, and/or offers for sale that come within the scope of the patent claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has directly infringed the '398 patent, either literally and/or under the doctrine of equivalents;

b. A permanent injunction prohibiting Defendant from further acts of infringement of

      the '398 patent;

c.    A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '398 patent;

d.    A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

f.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: January 27, 2026

Of Counsel:

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey
Philip X. Wang
Susan Y. Tull
James Tsuei
Jonathan Ma
Joshua M. Scheufler

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*

5

Daniel B. Kolko
Mackenzie Paladino
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
stull@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com
mpaladino@raklaw.com